James A. Patten (ID #1191)
Molly S. Considine (ID #13800)
PATTEN, PETERMAN, BEKKEDAHL & GREEN, PLLC
2817 2nd Avenue North, Ste. 300
P.O. Box 1239
Billings, MT 59103-1239
Telephone (406) 252-8500
Facsimile (406) 294-9500
Email: apatten@ppbglaw.com
Email: mconsidine@ppbglaw.com

Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE: DAVID E. HEINLE,<br><br>　　　　　　　　　　Debtor. | Case No. 21-20164<br>Chapter 7<br><br>Adv. No.: |
| LYNN STUTZMAN,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>DAVID E. HEINLE,<br><br>　　　　　　　　　　Defendant. | **COMPLAINT TO DENY DISCHARGE** |

　　　　LYNN STUTZMAN, Plaintiff above-named, by and through James A. Patten and Molly S. Considine, for her Complaint against DAVID HEINLE, states and alleges as follows:

　　　　1.　　Lynn Stutzman ("Stutzman") is a creditor of David E. Heinle ("Heinle"), having obtained a judgment against him in the amount of $180,000.00 plus interest in the Montana

1

Twenty-Second District Court, Stillwater County, Cause No. DV 19-12, *Stutzman v. B and H Properties, LLC et al.*

2. This Court has jurisdiction over this Adversary Proceeding pursuant to 11 U.S.C. § 727, 28 U.S.C. § 157(b)(2)(J), and F. R. Bankr. Pro. 7001(4).

3. Stutzman consents to the entry of a final judgment in this case by this Court.

4. Heinle filed a voluntary chapter 13 case in this Court on November 19, 2021 (ECF. No. 1).

5. Heinle voluntarily moved to convert his chapter 13 case to one under chapter 7 on December 20, 2021 (ECF No. 17).

6. Heinle filed his Schedules and Statement of Financial Affairs on December 20, 2021 (ECF No. 19). Heinle amended Schedules A/B and C on January 19, 2022 (ECF No. 30).

7. Heinle's § 341 meeting was conducted on January 12, 2022. Heinle provided testimony at this § 341 meeting under oath.

8. Stutzman filed her Motion for 2004 Examination on February 1, 2022 (ECF No. 31), which was granted by this Court on February 1, 2022 (ECF No. 32). A 2004 examination was conducted on February 11, 2022. Heinle provided testimony under oath at his 2004 examination.

9. Heinle's Petition was signed under the penalty of perjury.

10. Heinle's Schedules were signed under the penalty of perjury.

11. Heinle's testimony at his § 341 meeting was given under the penalty of perjury.

12. Heinle's testimony at this 2004 examination was given under the penalty of perjury.

13. Heinle provided false oaths and accounts in his Petition, Schedules, Statement of Financial Affairs, § 341 meeting, and 2004 examination, in the following ways:

    a. Heinle's Petition fails to disclose at ¶¶ 2, 4, and 12 that he was, and is, engaged in a business known as "Broken Fiddle Ranch" through which he buys and sells horses, donkeys, and mules, breeds mules, provides donkey "standing" services for third parties, and provides care, training, and pasturing for horses and mules owned by third parties.

    b. Heinle's Schedules A/B fail to disclose property including a 2016 snowmobile and a snowmobile trailer, a pack saddle and a riding saddle.

    c. Heinle's Statement of Financial Affairs fail to disclose at ¶¶ 5 and 18 the sale of 20 horses, mules, or donkeys occurring during the 2-year period prior to the entry of the order for relief in his bankruptcy case or any income from Heinle's Broken Fiddle Ranch business.

    d. Heinle's Schedule I fails to disclose income generated by his sales of horses, mules, or donkeys, and breeding and pasturing services he provides.

    e. Heinle's Schedule J fails to disclose his actual disposable income.

    f. Heinle testified at his § 341 meeting that his Petition, Schedules and Statement of Financial Affairs were true and accurate.

    g. Heinle testified at his 2004 examination that he co-owned the 2016 snowmobile with a third party and such individual, along with Heinle, originally bought the snowmobile and has been a co-owner since its purchase.

    h. Heinle testified at his 2004 examination that certain horses, mules, and donkeys he sold were owned by third parties.

14. Heinle's statements described above were false.

15. Heinle's false oaths and accounts were given in his bankruptcy case.

16. Heinle's false oaths and accounts were material.

17. Heinle's false oaths and accounts were made knowingly.

18. Heinle's false oaths and accounts were made fraudulently.

19. Heinle did not, and as yet has not, promptly corrected his false oaths and accounts.

## PRAYER FOR RELIEF

WHEREFORE the foregoing, Lynn Stutzman respectfully requests that this Court:

1. Deny David E. Heinle's discharge pursuant to 11 U.S.C. § 727(a)(4);

2. Award Lynn Stutzman her costs of suit; and

3. Award such other and further relief as is just and proper.

DATED this 28th day of February 2022.

        **PATTEN, PETERMAN, BEKKEDAHL & GREEN P.L.L.C.**
        2817 2nd Avenue North, Suite 300
        P.O. Box 1239
        Billings, MT 59103-1239

        By: /s/JA Patten
            James A. Patten
            Attorneys for Plaintiff